UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN R. JEFFERY, JR.,

        Plaintiff,

v.                                               Case No. 23-cv-241-pp

MICHAEL COLE, *et al.*,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 20), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 21) AND SCREENING PROPOSED AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Glen R. Jeffery, Jr., who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed this case alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment excessive force claim against defendant Cole and a failure to intervene in use of force claim against defendants Peterson, Moore, John Does 1-3 and Jane Doe. Dkt. No. 13 at 8. The court also allowed the plaintiff to proceed on an Eighth Amendment medical care claim against defendants Cole, Peterson, Moore, John Does 1-3 and Jane Doe 1. Id. at 9. The plaintiff has filed a motion to compel, dkt. no. 20, and a motion to amend the complaint, dkt. no. 21. The plaintiff then filed a motion to withdraw his motion to compel. Dkt. No. 23. This order addresses the plaintiff's motions and screens his proposed amended complaint. dkt. no. 21-1.

**I.    Motion to Amend Complaint (Dkt. No. 21)**

The plaintiff seeks to amend the complaint to add the names of the Doe defendants, to add additional defendants and to add additional claims "that

1

w[ere] not known to the plaintiff at the time of his original filing of his complaint and only made known after viewing the discovery video footage provide[d] by defendants[.]" Dkt. No. 21. The court will grant the plaintiff's motion and screen his proposed amended complaint, dkt. no. 21-1.

A.  Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Proposed Amended Complaint's Allegations

The proposed amended complaint names the following defendants: Michael Cole, Colin Fruehbrodt, Miles Arne, Sireena Peterson, Gregory Friedel, Corey Bremberger and Wailany Martinez. Dkt. No. 21-1 at 1. The amended complaint reiterates the plaintiff's allegations that he suffered a seizure, defendant Cole deployed OC spray into his cell when he was unconscious, the other defendants failed to intervene in Cole's actions and all defendants knew suffered from a seizure disorder and had a medical contraindication to OC spray. The proposed amended complaint adds allegations regarding the way defendants Cole and Peterson handcuffed the plaintiff after Cole deployed the OC spray.

The plaintiff alleges that on July 21, 2020, the defendants knew that he suffered from several conditions including epilepsy, catalepsy and a condition that caused "frozen shoulder syndrome[.]" Id. at ¶10. The defendants also allegedly knew that the plaintiff had a medical contraindication to OC spray. Id. at ¶¶10, 51.

3

On July 21, 2020, the plaintiff allegedly suffered a seizure in his cell, lost consciousness and face-planted on the concrete floor. Id. at ¶13 (second ¶13). About two hours later, defendants Peterson and Friedel approached the plaintiff's cell where he laid on the floor unresponsive. Id. at ¶14. Friedel allegedly began to talk to the plaintiff and Peterson, and he allegedly undermined the severity of the plaintiff's condition. Id. at ¶15. The plaintiff states that Friedel requested support via radio and stated that the plaintiff was unresponsive. Id. at ¶16. Defendants Arne, Fruehbrodt, Bremberger and Martinez allegedly arrived at the plaintiff's cell after which defendant Lieutenant Cole arrived on the scene. Id. at ¶¶17, 19. Friedel allegedly told Cole that the plaintiff was breathing and could hear them after which Cole tried to talk with the plaintiff, but the plaintiff could not respond or obey Cole's orders because he was still unconscious. Id. at ¶20.

The plaintiff alleges that Cole instructed Peterson, Fruehboldt, Arne, Friedel, Martinez and Bremberger to don helmets and chest padding, which are security items officers use when entering an "unresponsive prisoner's cell." Id. at ¶21. Before the cell entry, Cole allegedly introduced a one-second burst of a "Mark 9 Phantom Fogger, an agent used to incapacitate a disruptive prisoner," into the cell and closed the trap door. Id. at ¶¶22, 25. After feeling the effects of the agent, the plaintiff allegedly woke up and eventually began following orders to come to the front of his cell. Id. at ¶¶26-29. The defendants allegedly let the plaintiff stay in the conditions in his cell for longer than necessary. Id. at ¶30.

The plaintiff alleges that he has a "special cuffing restriction 'cuff in front,' due to his known medical condition of adhesive capsulitis of frozen shoulder syndrome[.]" Id. at ¶31. He states that due to this condition, Peterson brought a wrist "Ripp belt" to be used to "front cuff" the plaintiff. Id. Cole

allegedly disregarded the cuffing restriction and instead ordered the plaintiff to turn around to be rear-cuffed. Id. at ¶32. Peterson and Cole allegedly painfully forced the plaintiff's hands into a single rear cuff for "approximately a full minute" while the other defendants watched and failed to intervene. Id. at ¶34.

In addition to the excessive force, failure to intervene and deliberate indifference claims upon which the court previously allowed the plaintiff to proceed based on the OC spray allegations, the plaintiff also advances excessive force, failure to intervene and deliberate indifference claims regarding the use of the rear handcuffs. Id. at ¶¶46-56. He also claims that the defendants' actions amounted to negligence, assault and battery, violated the Wisconsin Constitution and violated Wis. Stat. §§940.29, 302.08, 940.19, 941.26. Id. For relief, the plaintiff seeks declaratory relief, injunctive relief and monetary damages. Id. at ¶¶58-65.

C. Analysis

As stated in the court's order screening the original complaint, the plaintiff may proceed on an excessive force claim under the Eighth Amendment against defendant Cole in his individual capacity based on allegations that Cole deployed OC spray into the plaintiff's cell when the plaintiff was unconscious after having suffered a seizure in his cell. The plaintiff also may proceed on Eighth Amendment claims against defendants Fruehbrodt, Arne, Peterson, Friedel, Bremberger and Martinez in their individual capacities for allegedly failing to intervene in the use of force.

As also stated in the previous screening order, the plaintiff may proceed on an Eighth Amendment medical care claim against all defendants in their individual capacities for allegedly not treating his medical condition and instead using OC spray or failing to intervene in the use of the spray. This

5

claim includes an allegation that the plaintiff had a contraindication to OC spray, although the defendants may later argue that they did not know about the contraindication.

Regarding the plaintiff's new handcuffs allegations, the plaintiff may proceed on an Eighth Amendment excessive force claim against defendants Cole and Peterson in their individual capacities for handcuffing him behind his back when they allegedly knew that the plaintiff had a shoulder condition that required a "cuff in front" restriction. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1994); Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 668 (7th Cir. 2012). The plaintiff may proceed against defendants Fruehbrodt, Arne, Friedel, Bremberger and Martinez in their individual capacities based on allegations that they failed to intervene in the use of force. See Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).

The plaintiff also claims that the defendants' actions regarding the handcuffs amounted to an Eighth Amendment deliberate indifference claim. While this claim appears redundant to the plaintiff's excessive force claim, the court will allow it at this stage because the deliberate indifference standard differs from the excessive force standard. The plaintiff may proceed on an Eighth Amendment claim against the defendants based on allegations that the application of handcuffs behind the plaintiff's back, despite his medical condition requiring that he be handcuffed in front, amounted to deliberate indifference. See Stewart v. Special Adm'r of Estate of Mesrobian, 559 F. App'x 543, 548-49 (7th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994)); see also Verser v. Smith, Case No. 14-CV-1187, 2016 WL 3595727, at *3 n.7 (N.D. Ill. July 5, 2016) (acknowledging that two different Eighth

6

Amendment standards potentially apply in case involving overly tight handcuffs).

The plaintiff claims that the defendants' actions amounted to negligence and assault and battery under Wisconsin state law. The court will exercise supplemental jurisdiction over these claims as they related to the plaintiff's OC spray and hand-cuffing allegations. See 28 U.S.C. §1367(a).

The plaintiff also claims that the defendants violated provisions of section 1 of the Wisconsin Constitution as well as Wis. Stat. §§940.79, 302.08, 940.19(6) and 941.26(4)(e). The statutes the plaintiff cites are criminal statutes. The court cannot criminally charge individuals, and a private citizen (like the plaintiff) cannot bring criminal charges against someone. If the plaintiff believes that the defendants committed crimes, he may report their conduct to local law enforcement. The plaintiff may not proceed on claims that the defendants violated Wis. Stat. §§940.29, 940.19 and 941.26.

Wisconsin Statute §302.08 provides that "[t]he wardens and superintendents and all prison officials shall uniformly treat the inmates with kindness" without "corporal or other painful and unusual punishment." However, Wis. Stat. §302.08 "appears to be an enabling statute invoked solely in authorizing various DOC regulations that does not create a private cause of action." Flemino v. Eau Claire Cnty. Sheriff, Case No. 21-cv-187, 2022 WL 2046111, at *1 (W.D. Wis. June 7, 2022) (citing Lobley v. Yang, No. 18-cv-812-pp, 2019 WL 136694, at *3 (E.D. Wis. Jan 8, 2019)); see also Ghashiyah v. Jess, Case No. 21-CV-1479-JPS, 2023 WL 5558825, at *7 (E.D. Wis. Aug. 29, 2023); Gruenberg v. Bittleman, Case No. 13-cv-4532-wmc, 2014 W 3736497, at *2 (W.D. Wis. July 29, 2014). Absent contrary authority, the plaintiff cannot proceed on a state law claim under §302.08.

The plaintiff also cannot proceed on claims under Article 1, Sections 1, 6 and 9 of the Wisconsin Constitution. Section 6 states that "[e]xcessive bail shall not be required, nor shall excessive fines be imposed, nor cruel and unusual punishments inflicted." While that language is identical to the language in the Eighth Amendment of the federal Constitution, the plaintiff does not have a §1983 cause of action for violation of the state constitution, because "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." West v. Atkins, 487 US. 42, 48 (1988). That is true regardless of which section of the state constitution the plaintiff claims the defendants violated. The other sections of the Wisconsin Constitution that the plaintiff mentioned in the complaint—section 1 (which states that all people are born free and independent and have inherent rights), section 9 (which states that all people are entitled to a remedy in law for injuries)—are not relevant to the claims in the complaint. Even if §1983 provided a cause of action for violations of a state constitution, the plaintiff has not alleged any facts supporting claims that the defendants violated any of these sections.

If the plaintiff intended to allege free-standing violations of the state constitution (rather than asserting those violations as civil rights violations through §1983), the court could not grant the relief he seeks. The state constitution does not authorize suits for money damages except in a limited exception that does apply in this case. Goodvine v. Swiekatowski, 594 F. Supp. 2d 1049, 1054 (W.D. Wis. 2009) (citing W.H. Pugh Coal Co. v. State, 157 Wis. 2d 620, 634-35 (Wis. Ct. App. 1990)). To the extent the plaintiff seeks injunctive relief under the state constitution (his amended complaint asks for an order requiring the defendants to cease their unconstitutional and unlawful

8

practices), principles of sovereign immunity prevent the court from granting that relief. Id. (citing Pennhurst State Sch. & Hosp. v. Halderman, 464 U.S. 89 (1984) (holding that state sovereign immunity prohibits federal courts from ordering state officials to conform their conduct to state laws)). The plaintiff may not proceed on any claims under the Wisconsin Constitution.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to withdraw his motion to compel. Dkt. No. 23. The court **ORDERS** that the motion to compel is **WITHDRAWN**. Dkt. No. 20.

The court **GRANTS** the plaintiff's motion for leave to file amend complaint. Dkt. No. 21.

The court **ORDERS** the Clerk of Court to docket the proposed amended complaint as the operative complaint. Dkt. No. 21-1.

The court **ORDERS** that defendants Michael Cole and Sireena Peterson must file a responsive pleading to the amended complaint.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendants Colin Fruehbrodt, Miles Arne, Gregory Friedel, Corey Bremberger and Wailamy Martinez. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the amended complaint within twenty-one (21) days.

Dated in Milwaukee, Wisconsin this 30th day of April, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**