UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN R. JEFFERY, JR.,

                Plaintiff,

v.                                          Case No. 23-cv-241-pp

MICHAEL COLE, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 40) AND SETTING DEADLINE FOR PLAINTIFF TO SEEK ENTRY OF DEFAULT**

      Plaintiff Glen R. Jeffery, Jr., who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed this case alleging that the defendants violated his constitutional rights. The court screened the plaintiff's amended complaint, dkt. no. 25, and allowed him to proceed on several claims: (1) an Eighth Amendment against defendant Michael Cole based on allegations that Cole deployed OC spray into the plaintiff's cell when the plaintiff was unconscious after having suffered a seizure in his cell; (2) Eighth Amendment claims against defendants Colin Fruehbrodt, Miles Arne, Sireena Peterson, Greogry Friedel, Corey Bremberger and Wailany Martinez for allegedly failing to intervene in the use of force; (3) an Eighth Amendment medical care claim against all seven defendants for allegedly not treating his medical condition and instead using OC spray or failing to intervene in the use of the spray; (4) an Eighth Amendment excessive force claim against defendants Cole and Peterson for handcuffing him behind his back when they allegedly knew that

1

the plaintiff had a shoulder condition that required a "cuff in front" restriction; (5) an Eighth Amendment claim against defendants Fruehbrodt, Arne, Friedel, Bremberger and Martinez in their individual capacities based on allegations that they failed to intervene in the use of force; and (6) an Eighth Amendment claim against all seven defendants based on allegations that the application of handcuffs behind the plaintiff's back, despite his medical condition requiring that he be handcuffed in front, amounted to deliberate indifference. Dkt. No. 24 at 5-6. The court exercised supplemental jurisdiction over state law claims that defendants' actions amounted to negligence and assault and battery under Wisconsin state law. Id. at 7.

## I.  Entry of Default Against Defendant Martinez

As noted, the court has allowed the plaintiff to proceed on claims against seven defendants—Miles Arne, Corey Bremberger, Michael Cole, Gregory Friedel, Colin Fruehbrodt, Wailany Martinez and Sireena Peterson. On November 27, 2023, the Wisconsin Department of Justice accepted service of the original complaint for defendants Cole and Peterson. Dkt. No. 15. On April 30, 2024, the DOJ accepted service of the amended complaint for defendants Fruehbrodt, Arne, Friedel and Bremberger, but indicated that defendant Martinez was "[n]o longer employed" and that the DOJ was "Unable to Contact." Dkt. No. 27. The six DOJ defendants answered the amended complaint on May 21, 2024. Dkt. No. 28.[1] That left defendant Martinez as the

---

[1] The defendants' answer lists as a defendant in the caption "Eddie Moore," and several paragraphs of the answer mention "Eddie Moore." Dkt. No. 28. But although it appears the plaintiff may have included someone with the last

2

only defendant who had not answered, but who, as of May 2024, had not been served with the summons and complaint.

On May 23, 2024, the clerk's office sent to the U.S. Marshals Service a service packet for Martinez. Dkt. No. 30. On July 10, 2024, the Marshals Service returned to the court unexecuted the waiver of service form, indicating that it had been mailed to an address in Menominee, Wisconsin but that there had been no response. Dkt. No. 37. The same day, the clerk's office re-transmitted the service packet to the U.S. Marshals. Dkt. No. 38. On July 12, 2024, the Marshals Service filed a proof of service, explaining that they had personally served Martinez that same day.[2] Dkt. No. 42.

The summons would have advised Martinez that she had twenty-one days to answer or otherwise respond—by August 2, 2024. See Federal Rule of Civil Procedure 12(a)(1)(A)(i). It has been more than a month since the August 2, 2024 deadline and the court has received nothing from Martinez—in legal terms, she has "defaulted" by failing to timely answer or respond.

---

name "Moore" in the original complaint, the word "Moore" appears to have been marked through in some places. Dkt. No. 1. Nonetheless, when the court screened the original complaint, it allowed the plaintiff to proceed against Moore on claims of failing to intervene, deliberate indifference and excessive force. Dkt. No. 13. The *amended* complaint, however—received by the court on April 1, 2024, five and a half months after the court issued the original screening order—does not name Moore as a defendant or make any allegations against Moore. Dkt. No. 25. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Indus. Ass'n. of America, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citation omitted). Because the *amended* complaint does not name Moore or make any allegations against him, Moore no longer is a defendant.

[2] The court does not know whether the plaintiff received a copy of that proof of service; it will mail him a courtesy copy.

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must ask the Clerk of Court to enter default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). Once the plaintiff has asked the clerk to enter default, and the clerk has done so, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id.

Although it appears that defendant Martinez is in default, the plaintiff has not asked the Clerk of Court to enter default. The court will give the plaintiff an opportunity to make that request. If the plaintiff has not requested default by the deadline the court sets below, the court will dismiss Martinez as a defendant and the plaintiff will not be able to seek relief against her.

II.   **Plaintiff's Motion for Sanctions (Dkt. No. 40)**

On July 11, 2024, the plaintiff filed a motion for sanctions. Dkt. No. 40. The defendants have not responded to that motion.

4

The plaintiff asserts that he did not receive the defendants' first request for production of documents and release form until March 28, 2024; he says the court set the discovery deadline for May 27, 2024 and that the parties were required to serve any discovery requests at least sixty days before that (by March 28, 2024). Id. at 2. He speculates that the defendants "intentionally waited to that cut off date to File." Id. He says that he objected to the "overly broad request for his protected health information." Id. He says he received another request for his health information on June 3, 2024. Id. at 3. He objected again to the "overly broadness" of the defendants' request; he says the defendants have not yet responded. Id. The plaintiff says that on June 21, 2024, he was transferred from Waupun Correctional Institution to Racine Correctional Institution due to a special placement need, but his property didn't get transferred with him until June 27, 2024—and then he got only some of the property. Id.

The plaintiff says that on July 4, 2024, he received from the defendants their motion to stay all case deadlines (in which they asked the court to issue a new scheduling order when all the defendants—including Martinez—had been served and had answered the amended complaint). Id. at 4 (citing Dkt. No. 34). The plaintiff observes that at the end of that motion, the defendants asserted that they had sent the plaintiff "multiple requests" for production of documents and that he had not responded—specifically that he had not signed a medical authorization for the defendants to obtain his medical records or turned over those records himself. Id. (citing Dkt. No. 34 at ¶12). The plaintiff says, "As

5

shown by the evidence submitted here with Plaintiff's motion, that the malfeasance of the Defendant's Representatives cause for sever sanctioning to Publically show the States Attorney's Office that the Court will not ACCEPT MALFEASANCE LITIGATION PRACTICES FROM PRO SE LITIGANTS and especially States Attorneys." Id. He alleges that opposing counsel have shown "recless disregard for their duty to be truthful" with the court; he alleges that they have intentionally lied. Id. He concludes by asking the court to "come down with the Iron Scales of Lady Justice blindly to the parties social-economical status, and on the merits, and sanction the Attorneys for the Defendants in the same Accords that this court would A Pro Se litigant caught red handed Lying to your Face and Submitting Fabricated Malicious motions." Id.

The plaintiff submitted with his motion a copy of the March 28, 2024 cover letter from defense counsel, serving the plaintiff with the defendants' first request for production of documents and the consent form they asked the plaintiff to sign (Dkt. No. 39-1 at 1), the defendants' first request for production, dated March 28, 2024 (Id. at 5) and the consent form (Id. at 7). He also provided the court a May 31, 2024 letter from opposing counsel to the plaintiff, in which counsel stated that he'd first sent the request for production of documents on March 28, 2024 and that they'd not received a response (Dkt. No. 39 at 1-2); another copy of the defendants' first request for production of documents, which defense counsel dated May 31, 2024 (Id. at 4-6); and another copy of the consent form defense counsel earlier had sent him (Id. at

6

7). The letter from opposing counsel advised the plaintiff that if the defendants did not receive either the plaintiff's medical records or a signed release/consent form to obtain them within ten days of the May 31, 2024 letter, the defense would file a motion to compel or a request for sanctions. Dkt. No. 39 at 1.

The plaintiff is not entitled to sanctions—not because he is incarcerated, or because of his socio-economic status. He is not entitled to sanctions because he has not demonstrated a basis for them. First, the plaintiff says that he believes the defendants intentionally waited to serve their discovery demands until March 28, 2024—exactly sixty days before the discovery deadline. The plaintiff is correct that in the original scheduling order, the court set a discovery deadline of May 27, 2024 and ordered that parties must serve their request at least sixty days before that deadline. Dkt. No. 19 at 1. But the defendants *did* serve their original discovery demands "at least" sixty days before the May 27, 2024 deadline. The defendants did wait until the very last minute, and they have not explained why (or bothered to respond to the plaintiff's motion). But they have not violated the court's scheduling order. And if the plaintiff needed more time to provide the discovery the defendants requested, he needed only to file a motion asking the court for more time and explaining that he'd not received the discovery demands until exactly sixty days before the deadline. The court would have given him additional time.

Next, the plaintiff says that he *did* respond to the defendants' discovery demands—both the March 28, 2024 demands and the May 31, 2024 demands—by objecting that they were overly broad. The plaintiff believes that

7

the defendants "lied" to the court in their June 27, 2024 motion to stay, by telling the court that the plaintiff "ha[d] not responded" to their requests for documents. The plaintiff has provided the court no proof that he objected to the defendants' requests. If he *did* tell the defendants that he objected, the defendants should not have told the court that the plaintiff "had not responded" to their requests. They should have told the court that the defendant had *objected* to their requests, and that he had not *complied* with their requests by providing discovery or signing the release.

That said, if the plaintiff believes (as he appears to) that the defendants' discovery requests were too broad, the appropriate process would have been for the plaintiff to first try to work through his objections with defense counsel by trying to negotiate a more narrow document production. For example, the release the defendants asked the plaintiff to sign granted the Department of Corrections permission to disclose all the plaintiff's personal health information, with no limits on time periods or types of information. See, *e.g.*, Dkt. No. 39-1 at 7-8. The events described in the amended complaint occurred on July 20, 2020; the defendant appears to have been in and out of DOC institutions since February 2010—for the past fourteen years. He could have asked the defendants to narrow their request to medical records for specific medical condition(s) and/or specific time period(s). If the plaintiff asked the defendants to narrow their request and they refused, the plaintiff then should have followed the procedure in Fed. R. Civ. P. 26(c), which allows a party to seek a protective order forbidding or limiting discovery. It is not appropriate for

8

a party to simply refuse to comply with discovery demands; if a party believes that a discovery demand is overly broad (and cannot convince the party seeking that discovery to narrow the request), that party must—*before* the deadline for discovery—file a motion for a protective order. The plaintiff did not follow that procedure and has not sought a protective order.

The plaintiff says he did not receive the defendants' motion to stay deadlines—the motion in which they advised the court that they intended to file a motion to compel asking the court to require the plaintiff to comply with their discovery demands or to dismiss the case as a sanction—until July 4, 2024, due to his being moved from Waupun to Racine. By that time, the court had issued an order granting the motion. Dkt. No. 36. It stayed the discovery deadlines, ordering that once Martinez had been served and had answered the amended complaint, it would set new deadlines for discovery and dispositive motions. Id. Once the plaintiff decides whether he is going to seek default or allow Martinez to be dismissed, the court will set a new scheduling order. The plaintiff will have the opportunity to explain to the defendants why he believes their request is overly broad and to ask them to narrow it. If they do not do so, he will have the opportunity to seek a protective order from this court. Finally, although the defendants claimed that they were going to file a motion to compel, they have not done so; under the circumstances, the court would not have granted it. There will be time for the parties to negotiate with each other and to work through their differences regarding discovery. If they are unable to do so, either one may seek assistance from the court. But the court

9

strongly encourages the parties to try to work out their differences before seeking court assistance.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 40.

The court **ORDERS** that if the plaintiff wishes the Clerk of Court to enter default (and, after that, to seek default judgment) against defendant Martinez, then by the end of the day on **September 27, 2024**, the plaintiff must file a request for default against defendant Wailany Martinez. The plaintiff must file that request in time for the clerk's office to *receive* it by the end of the day on September 27, 2024. If the clerk's office does not receive a request for default by the end of the day on September 27, 2024, the court will dismiss Martinez as a defendant and will issue a new scheduling order.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

10

Case 2:23-cv-00241-PP  Filed 09/04/24  Page 10 of 10  Document 43