UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

                Plaintiff,

v.                                              Case No. 23-cv-241-pp

MICHAEL COLE, *et al.*,

                Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT MARTINEZ (DKT. NO. 46), DENYING AS MOOT PLAINTIFF'S MOTION FOR COURT CONFERENCE (DKT. NO. 51) AND SETTING DEADLINES FOR COMPLETION OF DISCOVERY AND FILING MOTIONS FOR SUMMARY JUDGMENT ON THE MERITS**

---

       On September 13, 2024, the Clerk of Court entered default as to defendant Wailany Martinez. The plaintiff has filed a motion for entry of default judgment as to Martinez. Dkt. No. 46. He asks that the damages requested in his amended complaint be divided equally among the seven defendants and that the court assist in determining the proper amount of damages for which Martinez should be held liable. Id. at 3. All defendants other than Martinez have answered the amended complaint. Dkt. No. 28. For the reasons explained below, the court will deny without prejudice the plaintiff's motion for default judgment as to Martinez. The plaintiff has also filed a motion for a court conference regarding the default status of defendant Martinez. Dkt. No. 51. Because the court is denying the plaintiff's motion for default judgment, the court will deny as moot the plaintiff's motion for a court conference.

       The court screened the plaintiff's amended complaint, dkt. no. 25, and allowed him to proceed on several claims: (1) an Eighth Amendment claim

1

against defendant Michael Cole based on allegations that Cole deployed OC spray into the plaintiff's cell when the plaintiff was unconscious after having suffered a seizure in his cell; (2) Eighth Amendment claims against defendants Colin Fruehbrodt, Miles Arne, Sireena Peterson, Greogry Friedel, Corey Bremberger and Wailany Martinez for allegedly failing to intervene in the use of force; (3) an Eighth Amendment medical care claim against all seven defendants for allegedly not treating his medical condition and instead using OC spray or failing to intervene in the use of the spray; (4) an Eighth Amendment excessive force claim against defendants Cole and Peterson for handcuffing him behind his back when they allegedly knew that he had a shoulder condition that required a "cuff in front" restriction; (5) an Eighth Amendment claim against defendants Fruehbrodt, Arne, Friedel, Bremberger and Martinez in their individual capacities based on allegations that they failed to intervene in the use of force; and (6) an Eighth Amendment claim against all seven defendants based on allegations that the application of handcuffs behind his back, despite his medical condition requiring that he be handcuffed in front, amounted to deliberate indifference. Dkt. No. 24 at 5-6. The court agreed to exercise supplemental jurisdiction over state law claims that defendants' actions amounted to negligence and assault and battery under Wisconsin state law. Id. at 7.

Federal Rule of Civil Procedure 55 distinguishes between the entry of default and the entry of a default judgment. Lowe v. McGraw-Hill Cos., Inc., 361 F.3d 335, 339-40 (7th Cir. 2004). The clerk enters default upon a defendant's failure to plead or otherwise defend. Fed. R. Civ. P. 55(a). As stated above, the clerk of court entered default as to Martinez on September 13, 2024.

Once the clerk enters default, the court uses its discretion to determine whether to enter default judgment under Rule 55(b). The entry of default does not mean that the court will enter a default judgment. In fact, in cases with multiple defendants, the general rule is otherwise. See Home Ins. Co. of Ill. v. ADCO Oil Co., 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all."); Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 811 (7th Cir. 1987) ("In certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments."). The rule a long-standing one. In Frow v. De La Vega, the Supreme Court explained:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complaint's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

82 U.S. 552, 554 (1872). See also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2690 (2016).

In this case, if the court were to enter default judgment for the plaintiff on his claims against defendant Martinez, it could create an inconsistency because the court has not yet considered the merits of the plaintiff's claims against the remaining defendants. For example, the plaintiff claims that Martinez failed to intervene in the excessive use of force, but the court has not yet had the opportunity to determine (or have a jury determine) that any

3

defendant's actions against the plaintiff amounted to the excessive use of force in violation of the United States Constitution. The court will deny without prejudice the plaintiff's motion for default judgment as to Martinez.

Previously, the court stayed the scheduling deadlines pending service of the amended complaint on defendant Martinez. Dkt. No. 36. Now that the clerk has entered default against Martinez (but not default *judgment*), the court will set new case deadlines.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgement as to defendant Wailany Martinez. Dkt. No. 46.

The court **DENIES AS MOOT** the plaintiff's motion for a court conference. Dkt. No. 51

The court **ORDERS** that the parties must serve all discovery demands in time to complete discovery by day's end on **March 21, 2025**, and any party wishing to file a motion for summary judgment on the merits must do so by day's end on **April 25, 2025**.

Dated in Milwaukee, Wisconsin this 25th day of December, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**