UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

Plaintiff,

v.                                                    Case No. 23-cv-241-pp

MICHAEL COLE, *et al.*,

Defendants.

---

**ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS, GRANTING DEFENDANTS' SECOND MOTION TO COMPEL (DKT. NO. 68), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 70), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 77) AND SETTING NEW DEADLINE FOR SUMMARY JUDGMENT MOTIONS**

---

On October 21, 2025, the court denied as moot the defendants' first motion to dismiss or compel, in which they sought an order of dismissal based on the plaintiff's failure to cooperate in discovery or alternatively, an order compelling the plaintiff to sign the defendants' medical authorization form with his legal name. Dkt. No. 67 at 5. The court determined that the motions were moot based on the plaintiff's unopposed motions to supplement his response (sur-replies) in which he said that the medical authorization that he signed with the "The Demon God" and "Glen R. Jeffery" had been accepted by the Department of Corrections. Id. This order addresses the defendants' second motion to dismiss or compel, dkt. no. 68, the plaintiff's motion for sanctions, dkt. no. 70, and the plaintiff's motion for preliminary injunction, dkt. no. 77.

I.      **Defendants' Motion to Dismiss or Compel (Dkt. No. 68)**

In their second motion to dismiss or compel, the defendants first contend (again) that the court should dismiss the case based on the plaintiff's failure to

1

cooperate in discovery. Dkt. No. 68 at 6. They state that Green Bay Correctional Institution has not provided them with the plaintiff's medical records and that on October 30, 2025, the plaintiff revoked the Department of Justice's permissions resulting from medical authorizations the plaintiff previously had signed. Id. at 5. The defendants state that in his sur-replies, the plaintiff falsely told the court that his authorization was valid, but that he then further frustrated the case's progress by revoking his prior, invalid authorizations. Id. In the alternative, the defendants ask the court to order the plaintiff to sign their medical authorization form. Id. at 7.

The plaintiff responds that he revoked his medical authorization because in its October 21, 2025 order the court said that the discovery deadline already had passed and that it would set a deadline only for the parties to file motions for summary judgment. Dkt. No. 70 at 2. The plaintiff appears to believe that because the discovery deadline already had passed, the defendants no longer were entitled to his medical records, and he says that he revoked the authorization because he is entitled to privacy in his medical records. Id. The plaintiff's reasoning is not supported by the record. As the court explained in is October 21, 2025 order, the court denied as moot the defendants' first motion to dismiss or compel because it appeared from the plaintiff's unopposed sur-replies that that the DOC had processed the medical authorization he had signed "The Demon God" with "Glen Jeffery" in parentheses. Dkt. No. 67 at 4. The court did *not* say that the defendants could not obtain the plaintiff's records because the discovery deadline had passed.

2

The defendants first submitted an authorization for disclosure of medical information form to the plaintiff on March 28, 2024, long before the deadline for completing discovery. After the plaintiff objected that the medical release was overly broad, the defendants submitted a second authorization form on May 31, 2024. On February 18, 2025, the defendants mailed a second, good faith attempt to meet and confer letter along with a third authorization request form. The plaintiff signed that form as "The Demon God." The defendants sent the plaintiff a letter saying that he must sign the authorization with his legal name. On April 17, 2025, the plaintiff signed the form with both "The Demon God" and his legal name. This latter form is the one that the plaintiff said in his unopposed sur-replies that the DOC had processed; it was because the plaintiff told the court that the DOC had processed this authorization that the court denied as moot the defendants' first motion to compel or dismiss.

The defendants are entitled to the plaintiff's medical records; the plaintiff has made his medical condition an issue in the case by alleging that the defendants were deliberately indifferent to his serious medical need (his seizure disorder) and that they failed to provide him appropriate medical care. The plaintiff cannot use the court system to pursue claims related to his medical condition but refuse to provide the defendants information about that condition. It was improper for the plaintiff to revoke the medical authorization, especially after he told the court that the DOC had processed it.

Although the plaintiff had no basis for revoking his medical authorizations on October 30, 2025 (or court authority to do so), his revocation

of the medical authorization does not warrant dismissal of the case. And the plaintiff did not fail to comply with a discovery order from the court. See Fed. R. Civ. P. 37(b)(2)(A)(v) (district court may dismiss action where party fails to comply with court discovery order). The court will give the plaintiff *one, final* opportunity to provide the defendants with a signed medical authorization form, signed with his *legal* name. If the plaintiff does not provide the defendants with an authorization form signed with his legal name by the deadline set below, the court may dismiss his case. The court also will set a deadline for the parties to file motions for summary judgment on the merits.

## II. Plaintiff's Motion for Sanctions (Dkt. No. 70)

Along with his response to the defendants' motion to dismiss or compel, the plaintiff filed a motion for sanctions. Primarily, he contends that the defendants brought their motion to dismiss or compel in bad faith because the court previously had said that discovery was closed. Dkt. No. 70 at 3. As the court has explained, the discovery deadline did not and does not have anything to do with the fact that the defendants are entitled to the plaintiff's medical records. The plaintiff must sign the defendants' medical authorization form, and he must sign it with his legal name. The plaintiff is not entitled to sanctions, and the court will deny his motion.

## III. Plaintiff's Motion for Preliminary Injunction (Dkt. No. 77)

The plaintiff has filed a motion for a preliminary injunction in which he seeks an order prohibiting the defendants and their employers from using a single cuff and incapacitating agents on him when he is medically

incapacitated and seizing. Dkt. No. 77 at 1. The plaintiff states that without the injunction, the defendants and their employers subject him to "single rear cuffing," which he says exacerbates his medical conditions. Id. at 2. He says that "he sometimes gets cuff[ed] in front to see his attorneys, conduct file reviews with psychological service, health service, social service, legal file, and open records reviews." Id. The plaintiff also states that he currently is not prescribed his seizure medication, and that he is on a waitlist to see a neurologist. Id. He says that the high risk of seizure activity he faces and the defendants' and their employers' unwritten practice of using OC spray on him when he is found unresponsive or unconscious means he is at an imminent risk of harm. Id.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, the plaintiff must show that: (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) he will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Id. (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th

Case 2:23-cv-00241-PP    Filed 03/23/26    Page 5 of 8    Document 80

Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Id. (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of litigation by incarcerated individuals, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The court screened the amended complaint (Dkt. No. 25) and allowed the plaintiff to proceed on several claims based on events that allegedly occurred at Green Bay Correctional Institution on July 21, 2020. Dkt. No. 24. Specifically, the court allowed the plaintiff to proceed on Eighth Amendment excessive force and failure to intervene claims based on allegations that defendant Cole deployed OC spray into the plaintiff's cell when the plaintiff was unconscious after having suffered a seizure, and that defendants Fruehbrodt, Arne, Peterson, Friedel, Bremberger and Martinez failed to intervene in the use of

6

force. Id. at 5. The court also allowed the plaintiff to proceed on an Eighth Amendment medical care claim against all the defendants for allegedly not treating his medical condition during the incident. Id. And the court allowed the plaintiff to proceed on Eighth Amendment excessive force and failure to intervene claims based on allegations that Cole and Peterson handcuffed him behind his back when they allegedly knew that the plaintiff had a shoulder condition that required a "cuff in front" restriction, and that Fruehbrodt, Arne, Friedel, Bremberger and Martinez failed to intervene in the use of force. Id. at 6. The court allowed the plaintiff to proceed on a medical care claim against the defendants regarding the use of handcuffs. Id. Finally, the court exercised supplemental jurisdiction over the plaintiff's Wisconsin state law negligence and assault and battery claims. Id. at 7.

In his motion for preliminary injunction, the plaintiff generally alleges that "the defendants and their employers" continue to sometimes use a rear single cuff on him and that he may suffer a seizure and be sprayed with OC spray. Regarding the handcuffing allegations, the plaintiff has not identified a specific incident when this occurred or in which defendants were involved. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)). See also Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). The plaintiff has not linked the harm he

7

allegedly suffered in the complaint to the harm that he allegedly now—over five years later—is experiencing or may possibly experience. The court will deny the plaintiff's motion for preliminary injunction.

## IV.    Conclusion

The court **DENIES** the defendants' second motion to dismiss and **GRANTS** the defendants' second motion to compel. Dkt. No. 68. The court **ORDERS** that by the end of the day on **April 24, 2026**, the plaintiff must provide the defendants an authorization for disclosure of medical information, *signed with his legal name.* If the plaintiff does not comply, the court may dismiss this case.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 70.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 77.

The court **ORDERS** that any party wishing to file a motion for summary judgment on the merits of the plaintiff's claims must file such a motion by the end of the day on **May 29, 2026**.

Dated in Milwaukee, Wisconsin this 23rd day of March, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

8