UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

Plaintiff,

v. Case No. 23-cv-241-pp

MICHAEL COLE, *et al.*,

Defendants.

---

**ORDER GRANTING DEFENDANTS' THIRD MOTION TO DISMISS AND DENYING AS MOOT DEFENDANTS' THIRD MOTION COMPEL (DKT. NO. 82), DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER (DKT. NO. 92) AND DISMISSING CASE**

---

Plaintiff Glen R. Jeffrey, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case under 42 U.S.C. §1983. The court screened his amended complaint and allowed him to proceed on claims that the defendants violated his rights under the Eighth Amendment to the United States Constitution; the court agreed to exercise supplemental jurisdiction over the plaintiff's state law claims.[1] Dkt. No. 24 at 5-7. Currently before the court are the defendants' third motion to dismiss or compel, dkt. no. 82, and the plaintiff's motion for order instructing defendants to serve him all filings, dkt. no. 92.

---

[1] On September 13, 2024, the clerk entered default as to defendant Wailany Martinez.

## I. Defendants' Motion to Dismiss or Compel (Dkt. No. 82)

The defendants move the court under Federal Rules of Civil Procedure 37 and 41 to dismiss this case for the plaintiff's refusal to cooperate in discovery and for litigating in bad faith or, in the alternative, to compel the plaintiff to sign the defendants' medical authorization form. Dkt. No. 82 at 6. The defendants state that the plaintiff continues to refuse to sign their medical authorization form and instead has provided the defendants only with his own altered draft of a medical authorization form, which is insufficient for the defendants to procure his medical records. Id. at 4-5. The defendants state that the plaintiff has not complied with the court's March 23, 2026 order (Dkt. No. 80) which granted their motion to compel and ordered the plaintiff to provide them with a medical authorization for disclosure of medical information, signed with his legal name. Id. at 2.

The defendants assert that on April 6, 2026, a Department of Justice (DOJ) paralegal asked Green Bay's litigation coordinator (Danielle Larie) to hand-deliver a DOJ medical release to the plaintiff so that he could comply with the court's order. Id. The plaintiff did not sign the medical release and said that he objected to Section D, Redisclosure and Conditioning of Services. Id. at 2-3. On April 16, 2026, Larie received a message from the plaintiff stating that he wanted to sign the medical authorization; after consulting with the DOJ, she returned to the plaintiff's cell with the medical authorization for him to sign. Id. at 3. The plaintiff told Darie that he already had sent her a signed copy and she responded that she had not yet received it and asked him if he

wanted to sign the authorization she had brought. Id. The plaintiff said he would not sign the DOJ release that she had brought and explained that he had sent Larie a copy via internal mail. Id. Larie told the plaintiff that she had not received the form he had mailed her and asked if he would sign the release form she had with her; Larie indicated that if he signed the form she had with her and she then received the form he had mailed her, she would scan send both forms to the DOJ "to cover all bases." Id. The plaintiff then indicated that he would not sign the release she had brought with her because he had personally created and edited to his liking the one he had mailed her; Larie told the plaintiff that if she received the one he had created, she would send it to the DOJ, but she could not guarantee that it would be used because it was an altered document that did not come directly from the DOJ. Id. at 3-4. The plaintiff reiterated that he would not sign the medical authorization that Larie had brought to his cell and then said that he no longer even wanted her to send the copy he personally had drafted to the DOJ, and that she should send it back to him if/when she received it, which she did. Id.

In response to the defendants' latest motion to dismiss or compel, the plaintiff states that on April 22, 2026, he complied with the court's order and provided a signed medical authorization to the defendants (Dkt. No. 81-1), which he also filed with the court. Dkt. No. 90 at 1-2. The plaintiff states that the authorization he provided removes records that he believes are not relevant to his claims in this case. Id. at 8. Along with his response, the plaintiff filed a copy of the medical authorization that he authored and a copy of the

defendants' medical authorization. Id. at 9-10; Dkt. No. 91-1. He asserts that the authorization he provided to the defendants "covers the totality of his constitutional claims against the defendants and sufficiently gives the defendants access to those records needed to defendant against plaintiff's claims." Dkt. No. 90 at 10-11. The plaintiff states that the defendants mischaracterized the court's order and concluded that the court compelled him to sign the authorization that the defendants provided. Id. The plaintiff contends that the defendants' motions to dismiss and compel were filed in bad faith to harass him, and he asks the court to deny them. Id. The plaintiff also requests that the court order the defendants to use the authorization he sent them or waive their rights to the discovery of his medical records. Id. at 12. He also asks the court to sanction the defendants for litigating in bad faith. Id.

The motion before the court is the defendants' *third* motion to dismiss or compel the plaintiff to sign an authorization to release his medical records. By way of background, on October 21, 2025, the court denied as moot the defendants' first motion to dismiss or compel in which they sought an order of dismissal based on the plaintiff's failure to cooperate in discovery or alternatively, an order compelling the plaintiff to sign the defendants' medical authorization form with his legal name. Dkt. No. 67 at 5. The court determined that the motions were moot based on the plaintiff's unopposed motions to supplement his response (sur-replies) in which he said that the medical authorization that he signed with the "The Demon God" and "Glen R. Jeffery" had been accepted by the Department of Corrections. Id.

The defendants followed up with a second motion to dismiss or compel in which they explained that Green Bay Correctional Institution had not provided them with the plaintiff's medical records and that the plaintiff had revoked the DOJ's permissions resulting from medical authorizations he previously had signed. Dkt. No. 68 at 5. The defendants stated that in his sur-replies, the plaintiff had falsely told the court that his authorization was valid, but that he then further frustrated the progress of the case by revoking his prior, invalid authorizations. Id. The plaintiff responded that he had revoked his medical authorization because in its October 21, 2025 order the court had said that the discovery deadline already had passed and that it would set a deadline only for the parties to file motions for summary judgment. Dkt. No. 70 at 2. The court said that the plaintiff's reasoning was not supported by the record and that, as the court had explained its October 21, 2025 order, it had denied as moot the defendants' first motion to dismiss or compel because it appeared from the plaintiff's unopposed sur-replies that the DOC had processed the medical authorization he had signed "The Demon God" with "Glen Jeffery" in parentheses. Dkt. No. 80 at 2 (citing Dkt. No. 67 at 4). The court stated that it did *not* say in its October 21, 2025 order that the defendants could not obtain the plaintiff's records because the discovery deadline had passed. Id.

On March 23, 2026, the court denied the defendants' second motion to dismiss and granted the defendants' second motion to compel. Dkt No. 80. The court's order included the following timeline regarding the defendants' attempts to have the plaintiff sign their medical authorization:

> The defendants first submitted an authorization for disclosure of medical information form to the plaintiff on March 28, 2024, long before the deadline for completing discovery. After the plaintiff objected that the medical release was overly broad, the defendants submitted a second authorization form on May 31, 2024. On February 18, 2025, the defendants mailed a second, good faith attempt to meet and confer letter along with a third authorization request form. The plaintiff signed that form as "The Demon God." The defendants sent the plaintiff a letter saying that he must sign the authorization with his legal name. On April 17, 2025, the plaintiff signed the form with both "The Demon God" and his legal name. This latter form is the one that the plaintiff said in his unopposed sur-replies that the DOC had processed; it was because the plaintiff told the court that the DOC had processed this authorization that the court denied as moot the defendants' first motion to compel or dismiss.
>
> The defendants are entitled to the plaintiff's medical records; the plaintiff has made his medical condition an issue in the case by alleging that the defendants were deliberately indifferent to his serious medical need (his seizure disorder) and that they failed to provide him appropriate medical care. The plaintiff cannot use the court system to pursue claims related to his medical condition but refuse to provide the defendants information about that condition. It was improper for the plaintiff to revoke the medical authorization, especially after he told the court that the DOC had processed it.
>
> Although the plaintiff had no basis for revoking his medical authorizations on October 30, 2025 (or court authority to do so), his revocation of the medical authorization does not warrant dismissal of the case. And the plaintiff did not fail to comply with a discovery order from the court. See Fed. R. Civ. P. 37(b)(2)(A)(v) (district court may dismiss action where party fails to comply with court discovery order). The court will give the plaintiff *one, final* opportunity to provide the defendants with a signed medical authorization form, signed with his l*egal* name. If the plaintiff does not provide the defendants with an authorization form signed with his legal name by the deadline set below, the court may dismiss his case.

Id. at 3-4.

The court said that if the plaintiff did not provide the defendants with an authorization form signed with his legal name by April 24, 2026, the court may dismiss the case. Id. at 4, 8. As the above excerpt from the court's March 23,

2026 order shows, the court was referring to the medical authorization that the defendants provided to the plaintiff and that the plaintiff previously had signed "The Demon God." See Dkt. No. 65-1. The court *did not* order that the plaintiff could sign a medical authorization that he authored.

The plaintiff relies on his reading of the court's order to justify not signing the defendants' medical authorization, which is the same authorization he signed with his non-legal name over a year ago. The plaintiff also contends that the defendants are engaging in vexatious litigation and should be sanctioned, when it is the plaintiff whose pattern of non-cooperation with discovery has delayed the case. The plaintiff did not comply with the court's March 23, 2026 order to sign the defendants' medical authorization with his legal name. The court warned the plaintiff that it may dismiss this case if he did not comply with the court's order. As the court said it would do in its prior order, the court will dismiss this case. See Fed. R. Civ. P. 37(b)(2)(A)(v) (district court may dismiss case where party fails to comply with the court's discovery order). Because the court will grant the defendants' third motion to dismiss, it will deny their third motion to compel as moot.

## II. Plaintiff's Motion for Order (Dkt. No. 92)

The plaintiff has filed a motion for an order directing the defendants to serve all papers filed on the plaintiff. Dkt. No. 92. He says that the defendants' lawyer has made it a practice not to furnish the plaintiff with copies of documents the defendants file with the court. Id. The court is not aware of any document the defendants filed that the plaintiff has not received. Specifically,

the plaintiff's response to the defendants' third motion to dismiss and compel shows that he has received that motion. The defendants have not filed any documents since May 6, 2026, when they filed that third motion to dismiss or compel, dkt. no. 82, supporting declaration, dkt. no. 83, and third motion to stay case deadlines, dkt. no. 84. Because the court is dismissing this case, it will deny the plaintiff's motion as moot.

## III. Conclusion

The court **GRANTS** the defendants' third motion to dismiss. Dkt. No. 82.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for the plaintiff's failure to comply with the court's discovery orders. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the defendants' third motion to compel. Dkt. No. 82.

The court **DENIES AS MOOT** the plaintiff's motion for order. Dkt. No. 92.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a

motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**